Dear Mr. Sanner:
You requested the opinion of this office regarding Cameron Parish Waterworks District No. 10 (the "District") which will have excess revenues in their sinking fund which services general obligation bond debt issued in 1977 in connection with Johnson Bayou improvements. You advised that the District has approximately $30,000 to $35,000 in excess revenues as well as an additional $30,000 which represents protested tax funds for the year 2001. The District has an additional sinking fund in connection with debt issued for a water well site at Hackberry, Louisiana.
Your questions pertain to the purposes for which the excess revenues may be used. As you noted in your request, it has long been the opinion of the Attorney General that surplus funds, attributable to general obligation bonds, should be, if practicable, returned on a pro-rata basis to the taxpayer. If the expenses of a pro rata return make such an alternative impractical, the excess or surplus funds should be used for a purpose similar to that for which the bonds were issued. Op.Atty.Gen. Nos. 02-0221, 93-294, 93-211, 89-444, 88-566, 88-430, 88-281, 83-707, 81-1353, 75-1034.
Your questions are: Is it practicable to refund the excess funds on a pro-rata basis to the taxpayers of Cameron Parish? If so, are we dealing with only those funds collected in the last taxable year or are we dealing with a refund to all landowners who paid taxes since the general obligation bonds were issued in 1977?
We recognized in Op.Atty.Gen. Nos. 89-444, 81-1353 and 74-805 that in some instances a pro rata return is not practicable, for example, when the expenses involved in the return would amount to a larger sum than the amount to be returned. When a return is practicable, however, such pro rata return should be made to every tax payer possible beginning with the last year's tax roll and going back to each previous year in order.Amounts refundable that cannot be refunded for whatever reason should beset aside according to year. This process should be followed until fundsare exhausted. We do not have, and are not seeking to obtain, theinformation to determine if, in this particular instance, it ispracticable to refund the excess funds on a pro-rata basis. Such afactual determination should properly be made by the District's Board of Commissioners.
If, as you suggest, a refund would be a tremendous burden on the District, it may not be practicable for the District to refund the excess revenues. In that event, the excess revenues should be used for any purpose similar to the purpose for which the bonds were issued. Based upon your representation that the purposes of both sinking funds and bond issues are substantially the same, it would appear that it would be permissible, in the event the District was unable to make a refund of the excess revenues, to transfer the excess funds from the Johnson Bayou sinking fund to the sinking fund for the Hackberry water well site.
Trusting this adequately responds to your request, we remain
Yours very truly,
RICHARD P. IEYOUB
Attorney General
 BY:______________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RELEASED: April 22, 2003
MARTHA S. HESS, ASSISTANT ATTORNEY GENERAL